IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KAREN MORGAN, *et al.*, | * | |
| *Plaintiff,* | * | |
| v. | * | Case No.: 8:22-cv-01633-TJS |
| DICK'S SPORTING GOODS, INC., | * | |
| *Defendants.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' MOTION FOR RECONSIDERATION
AND REQUEST FOR HEARING**

The Plaintiffs, by and through their undersigned counsel, respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 52, 59, and 60, to reconsider, amend, alter, and provide relief from its judgment entered on December 27, 2023. *See* Document 39 ("Order"). The Court's findings that "Plaintiffs have not shown good cause to extend the discovery deadline for the limited purpose identified in the Motion" is based on a clear error of fact. In support, the Plaintiffs state:

1. **Relevant History**

Plaintiffs' current Counsel was not entered into this case until May 11, 2023. *See* Document 33. At the time that Plaintiffs' current Counsel entered the case, Plaintiffs' deadline for disclosure of liability experts was August 6, 2023. Plaintiffs had yet to have a liability expert witness provide a report regarding liability as they had just received discovery responses from Defendants.

As such, Plaintiffs jointly moved with Defendant to extend their liability expert deadline to October 4, 2023. *See* Document 35. Plaintiffs had no issue in meeting their deadline. However, as Defendant's expert designation deadline approached, Defendant's Counsel contacted Plaintiff's

Counsel and indicated that they received "some additional information from DSG regarding the sign from the time period of the incident." *See* **Exhibit A**. Furthermore, based on the additional information the Defendant wanted to "discuss whether [Plaintiffs] would be amenable to a brief extension of the Scheduling Order to give my expert time to review these documents." *Id*. Plaintiffs' Counsel, as a rule – in an effort to increase collegiality and professionalism in a constantly declining environment – agrees to almost every extension of deadlines.

On November 20, 2023, Defendant provided Plaintiffs with their expert designation and report. On November 27, 2023, a mere seven (7) days after receiving the Defendant's expert designation and report, with the interim including the Thanksgiving Day and Native American Heritage Day holidays, Plaintiffs attempted to acquire dates from Defendant to depose their expert witness. *See* Document 38-2. At the time Plaintiffs reached out for Defendant's expert witness deposition, Plaintiffs were able to provide Defendant's with five (5) separate dates/times to conduct such a deposition. However, through correspondence and voice communications with Defendant, Plaintiffs only received two potential days to conduct the deposition. *See* Document 38-5.

Notably, Plaintiffs were unable to accommodate either of the two dates or provide Defendant with additional dates because of an extensive list of conflicts. From the date Plaintiffs received Defendant's expert witness designation and report, Plaintiffs' Counsel's calendar was filled up by the following:

- November 20, 2023 at 10 AM – Motion to Enforce Hearing in Baltimore City Circuit Court case *Mother Doe, et al. v. Baltimore City Board of School Commissioners, et al.* case number 24-C-22-001469.
- November 20, 2023 at Noon – Deposition of key witness in Carroll County Circuit Court case *Masood, et al. v. Lifetime Dental Care of Maryland Badger PC, et al.* case number C-06-CV-21-000010.

- November 21, 2023 at 10 AM - Deposition of key witness in Carroll County Circuit Court case *Masood, et al. v. Lifetime Dental Care of Maryland Badger PC, et al.* case number C-06-CV-21-000010.
- November 22, 2023 at 10 AM - Deposition of key witness in Carroll County Circuit Court case *Masood, et al. v. Lifetime Dental Care of Maryland Badger PC, et al.* case number C-06-CV-21-000010.
- November 23/24, 2023 – Court Holidays
- November 25/26, 2023 – Weekend
- November 27, 2023 at 10 AM – Deposition of Corporate Representative in Federal District Court of Maryland Case *Karen Morgan, et al. v. Dicks Sporting Goods, Inc.* case number 8:22-cv-01633.
- November 27, 2023 at 3 PM – Deposition of Plaintiffs' Expert Witness in Baltimore City Circuit Court case *Mother Doe, et al. v. Baltimore City Board of School Commissioners, et al.* case number 24-C-22-001072.
- November 28, 2023 at 9:30 AM – Personal Conflict. Also, one day notice for a deposition.
- November 28, 2023 at Noon – Deposition of Plaintiffs' Expert Witness in Baltimore City Circuit Court case *Brittney Joyner v. Gwendolyn Black, et al.* case number 24-C-22-001282.
- November 29, 2023 at 9:30 AM – Meet and Confer with All Counsel in Baltimore City Circuit Court case *Tiffanie Crenshaw-Banks, et al. v. Baltimore City Board of School Commissioners, et al.* case number 24-C-22-004715.
- November 29, 2023 at Noon – Motions Hearing in Baltimore City Circuit Court case *Joseph Reid, III v. The Estate of Randall Eugene Elste, et al.* case number 24-C-23-003235.
- November 29, 2023 at 1:30 PM – Deposition of Corporate Representative in Montogomery County Circuit Court case *Mother Doe, et al. v. Montgomery County Board of Education* case number 484884-V.
- November 30, 2023 at 10:30 AM – Meet and Confer with All Counsel regarding upcoming trial in Baltimore County Circuit Court case *Edwina Reid v. Baltimore Ambulatory Center for Endoscopy, LLC, et al.* case number C-03-CV-19-001344.

- November 30, 2023 at Noon – Deposition of key witness in Federal District Court of Maryland case *Joseph Brummell, et al. v. Board of Education of Talbot County, et al.* case number 1:22-CV-01601.

- December 1, 2023 at 9:30 AM – Workers' Compensation Hearing.

- December 1, 2023 at Noon and 4 PM – Deposition of key witness in St. Mary's County Circuit Court case *Amanda Henderson, et al. v. Board of Education of St. Mary's County, et al.* case number C-18-CV-22-000315.

- December 2/3, 2023 – Weekend

- December 4, 2023 at 9:00 AM – Deposition of key witness in St. Mary's County Circuit Court case *Amanda Henderson, et al. v. Board of Education of St. Mary's County, et al.* case number C-18-CV-22-000315.

- December 4, 2023[1] at 1:30 – Settlement Conference in Baltimore County Circuit Court case *Wilson Perez, et al. v. Kustom Kare LLC, et al.* case number C-03-CV-22-004730.

- December 5, 2023 at 9:30 AM – Workers' Compensation Hearing.

- December 5, 2023 at Noon – Deposition of Corporate Representative in Baltimore City Circuit Court case *Mother Doe, et al. v. Baltimore City Board of School Commissioners, et al.* case number 24-C-22-001072.

- December 6, 2023 – Plaintiffs' Counsel previously had a deposition in another matter scheduled on this date that was cancelled too close to the date to provide to Defendant. This was due to additional electronically stored information being provided by Defendants after a 4 month delay. *Amanda Henderson, et al. v. Board of Education of St. Mary's County, et al.* case number C-18-CV-22-000315.

- December 7, 2023 at 9:30 AM – Pre-Trial Settlement Conference in the Baltimore City Circuit Court case *Antonio Anderson v. Maryland Transit Administration* case number 24-C-22-004884.

---

[1] Plaintiffs' Counsel had previously provided this date to Defendant for their expert witness deposition. *See* Document 38-2.

- December 7, 2023[2] at 1:00 PM – Deposition of key witness in St. Mary's County Circuit Court case *Amanda Henderson, et al. v. Board of Education of St. Mary's County, et al.* case number C-18-CV-22-000315.
- December 8, 2023 at 9:00 AM – Plaintiffs' Counsel previously had a deposition in another matter scheduled on this date that was cancelled too close to the date to provide to Defendant. This was due to additional electronically stored information being provided by Defendants after a 4 month delay. *Amanda Henderson, et al. v. Board of Education of St. Mary's County, et al.* case number C-18-CV-22-000315.
- December 8, 2023 at 2:30 PM – Deposition of Plaintiff in Howard County Circuit Court case *Carmen Zegarra v. Touching Angels Healthcare, et al.* case number C-13-CV-23-000479.
- December 9/10, 2023 – Weekend
- December 11, 2023 at 9:00 AM – Plaintiffs' Counsel previously had a deposition in another matter scheduled on this date that was cancelled too close to the date to provide to Defendant. This was due to additional electronically stored information being provided by Defendants after a 4 month delay. *Amanda Henderson, et al. v. Board of Education of St. Mary's County, et al.* case number C-18-CV-22-000315.
- December 11, 2023 at 4:00 PM – Scheduling Conference in Baltimore County Circuit Court case *Mother Doe, et al. v. Board of Education of Baltimore County, et al.* case number C-03-CV-23-000619.
- December 12, 2023 at 9:00 AM – Plaintiffs' Counsel previously had a deposition in another matter scheduled on this date that was cancelled too close to the date to provide to Defendant.
- December 13, 2023 at 10 AM – Deposition of Plaintiff Joseph Brummell in Federal District Court of Maryland case *Joseph Brummell, et al. v. Board of Education of Talbot County, et al.* case number 1:22-CV-01601.
- December 14/15, 2023 – Business Trip to Atlanta, Georgia.
- December 16/17, 2023 – Weekend

---

[2] Plaintiffs' Counsel had previously provided this date to Defendant for their expert witness deposition. *See* Document 38-2.

- December 18, 2023[3] at 9:00 AM - Plaintiffs' Counsel previously had a deposition in another matter scheduled on this date that was cancelled too close to the date to provide to Defendant.
- December 18, 2023 at 3:00 PM – Deposition of witness in Federal District Court of Maryland case *Joseph Brummell, et al. v. Board of Education of Talbot County, et al.* case number 1:22-CV-01601.
- December 19, 2023[4] at 9:30 AM – Workers' Compensation Hearing.
- December 19, 2023 at 10:30 AM – Deposition of key witness in Carroll County Circuit Court case *Masood, et al. v. Lifetime Dental Care of Maryland Badger PC, et al.* case number C-06-CV-21-000010.
- December 20, 2023 at 10:00 AM – Deposition of Plaintiff in Baltimore County Circuit Court case *Carmen Zegarra v. Lana Marie Everly* case number C-03-CV-23-002752.
- December 20, 2023 at 3 PM – Deposition of key witness in Federal District Court of Maryland case *Joseph Brummell, et al. v. Board of Education of Talbot County, et al.* case number 1:22-CV-01601.
- December 21, 2023[5] at 9:30 AM – Workers' Compensation Hearing.
- December 21, 2023 at 1:30 PM – Pre-Trial Conference in Montgomery County Circuit Court case *Aaron Simmons v. Nana Kwabena Akosah Yiadom, et al.* case number C-15-CV-22-001114.
- December 22, 2023 at 9:00 AM – Tentative deposition of key witness in Baltimore City Circuit Court case *Mother Doe, et al. v. Baltimore City Board of School Commissioners, et al.* case number 24-C-23-001118.
- December 23/24 – Christmas Weekend.
- December 25, 2023 – Court Holiday.

---

[3] Plaintiffs' Counsel had previously provided this date to Defendant for their expert witness deposition. *See* Document 38-2.

[4] Plaintiffs' Counsel had previously provided this date to Defendant for their expert witness deposition. *See* Document 38-2.

[5] Plaintiffs' Counsel had previously provided this date to Defendant for their expert witness deposition. *See* Document 38-2.

- December 26, 2023 – January 2, 2024: Preparation for Jury Trial in Baltimore County Circuit Court case *Edwina Reid v. Baltimore Ambulatory Center for Endoscopy, LLC, et al.* case number C-03-CV-19-001344.
- December 27, 2023 – Deposition of Plaintiff's Expert Witness in Federal District Court of Maryland Case *Karen Morgan, et al. v. Dicks Sporting Goods, Inc.* case number 8:22-cv-01633.
- January 3, 2024 through January 17, 2023 – Jury Trial in Baltimore County Circuit Court case *Edwina Reid v. Baltimore Ambulatory Center for Endoscopy, LLC, et al.* case number C-03-CV-19-001344.

Moreover, on top of being able to find five (5) different dates/times despite Plaintiffs' Counsel's clearly busy calendar, Plaintiffs' Counsel also opened his nights and weekends to Defendants to perform the deposition of their expert witness. Nevertheless, despite Plaintiffs' best efforts, Plaintiffs had only been provided two dates of availability that coincided with a ten (10) day jury trial in a complex medical malpractice matter.

Previously, Plaintiffs' Counsel had gone out of his way to accommodate the schedule of other witnesses in this case, including deposing Daniel Lara at 3:30pm on Sunday, October 29, 2023, out of respect for that witness's schedule, and Courtney Pearce at 4:00pm on Thursday, November 9, 2023, out of respect for that witness's schedule.

On December 27, 2023, Defendant was able to conduct the deposition of Plaintiffs' expert witness.

In summary, the Parties first extension was necessitated by the recent appearance of counsel. The Parties second extension was requested by Defendant because there was additional information provided for expert review. Then, despite Plaintiffs' Counsel's packed schedule, Plaintiffs were only provided two dates to conduct a key deposition but were unable to accommodate due to a ten (10) day jury trial that was first scheduled in September 2020, then February 2023, and then January 2024, involving a death that occurred in October 2015.

**2.     Standard of Review**

Pursuant to Rule 52(b) "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly.

A pursuant to Rule 59 may be granted if (1) the judgment was based upon error of law or fact, (2) there is newly discovered or previously unavailable evidence, (3) to prevent manifest injustice, and (4) there is an intervening change in controlling law. *See Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010) (citing *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006)). Additionally, "[I]f a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled." *MLC Automotive, LLC v. Town of Southern Pines*, 532 F. 3d 269, 277 (4th Cir. 2008) (quoting *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)).

Rule 60 may grant relief to a party from the effects of a "final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60.

3. **Argument**

   *3.1   Work Completed*

   The Parties have diligently worked on this matter to complete as much of the discovery process as they have been able to. All Parties have worked to exchange written discovery responses and documents.

   Additionally, the Parties have taken the depositions of:

   - Plaintiff Karen Morgan,
   - Daniel Lara (on a Sunday afternoon),
   - Courtney Pearce (on a Thursday evening), and
   - Corporate Representative.

   Furthermore, there are only one remaining deposition necessary in this matter – Defendant's expert witness. For which, the Parties have already agreed upon a date for the deposition – February 9, 2024. Therefore, an extension of the discovery deadline to February 10, 2024, would resolve all remaining discovery issues (absent some exigent circumstance).

   *3.2   Summary of Argument*

   Plaintiffs' counsel has repeatedly gone above and beyond to accommodate the schedules of witnesses, opposing counsel, and the Court – not just for witnesses and opposing counsel in this case, not just in the last 3 months, and not just this past year (including postponing a case to 8.5 years after precipitating event to accommodate a judge's medical appointment), but during his entire career. And that's not the entire story.

   Plaintiff's Counsel, like many in the legal profession, spends an exorbitant amount of time advocating for others. This often comes at the neglect of one's own family.

As such, Plaintiff's Counsel has been attempting to take heed of the recent advisements from organizations such as the Maryland State Bar Association, the American Bar Association, and the Federal Bar Association to accommodate for his and his family's mental wellbeing. Plaintiffs' counsel has sacrificed that time with his family to accommodate others during the stressful and (sometimes) ever devolving world of litigation.

These wellness initiatives are attempting to stop a well-documented problem before it starts. A comprehensive study of the legal profession demonstrated that lawyers have levels of anxiety, depression, suicide, and substance abuse well-above the national average.[6] 1 in 3 lawyers is a problem drinker. *Id*. Predictably, these issues spiral out of control until a bar complaint comes in – many times a point of no return for the lawyer. Maryland is no exception. One-third of the Supreme Court of Maryland's docket centers around disciplinary matters.[7]

Plaintiffs' Counsel jumped into this case and moved it to conclusion. That is exactly what the Court expected and that is exactly what Plaintiffs' counsel delivered. Plaintiffs' Counsel is asking for an extension for a single piece of discovery, not an endless continuance of deadlines due to a lack of diligence on Plaintiffs' counsel's part. Plaintiff's counsel is more than happy to share Plaintiffs' counsel's calendar for the past 6 months – no time is wasted. All cases are moving forward as quickly as possible – even on nights and weekends – because that is in ever Plaintiff and Plaintiffs' counsel's interest. As discussed later, the situation would be different if there was an objection, but Defendant is not opposing this extension.

---

[6] https://www.americanbar.org/news/abanews/publications/youraba/2017/december-2017/secrecy-and-fear-of-stigma-among-the-barriers-to-lawyer-well-bei/ (last accessed April 6, 2023).

[7] Plaintiff's counsel refuses to be a spectator to this disaster. He has dutifully served on the Lawyers Assistance Committee for the Maryland State Bar Association for nearly a decade and has had the privilege of assisting over 100 young lawyers navigate issues surrounding admission to the bar.

### 3.3 Prejudice to Plaintiffs

Plaintiffs' Counsel can certainly appreciate this matter from the Court's perspective that the discovery in this matter has since August 2022. However, Plaintiffs have not themselves been directing that discovery process. As such, Plaintiffs themselves should not be punished – that is the definition of injustice. Plaintiffs' Counsel can only control the present, and has shown respect for moving this case to the finish line by completing all discovery save for one deposition in a timely manner.

Furthermore, Plaintiffs had their expert witness deposed on December 27, 2023. As such, Plaintiffs will be prejudiced by having not had the opportunity to depose Defendant's expert witness – despite accommodating Defendant's schedule.

Moreover, Plaintiffs have been placed at the whim of the schedule of Defendant's expert witness and/or the dates that Defendant's expert witness was willing to make available for depositions. Upon initially exchanging dates with Defendant's Counsel, it became clear that there was no overlapping availability between the schedule of Defendant's expert witness and Plaintiffs' Counsel's busy calendar. As such, Plaintiffs' Counsel freely opened his nights and weekends to depose Defendant's expert witness. However, Defendant's expert witness would not do the same. Therefore, Plaintiffs are being prejudiced by the inability of Defendant's expert witness to provide additional availability for his deposition. Even though Plaintiff's counsel made himself available at the sacrifice of personal commitments. Certainly, this Court would disfavor Plaintiffs' counsel from unilaterally setting Defendant's expert deposition on a night or weekend.

By denying an extension in this instance, this Court has placed Defendant in a superior position over Plaintiffs – despite Plaintiffs continued cooperation in allowing Defendant full discovery in this matter.

### 3.4 *Minimal Breathing Room*

From the date that Plaintiffs learned who Defendant's expert witness was and received his report, they only had 50 days to depose Defendant's expert witness. Of those 50 days, 14 days were weekend days. Of those remaining 36 days, 4 were holidays. Of those remaining 32 days, 30 of those days were completely blocked of Plaintiffs' Counsel's calendar for the above various depositions, hearings, and/or trials. As such, there were only feasibly two dates that Plaintiffs could depose Defendant's expert witness and neither of them coincided with the only two dates provided by Defendant's expert witness.

In short, Plaintiffs are arbitrarily being deprived an opportunity to fully investigate the claims and defenses in this matter due to the inability of Defendant's expert witness to provide them more than two dates of availability.

### 3.5 *Manifest Injustice*

Plaintiffs, through no fault of their own, have been deprived the ability to depose Defendant's expert witness due to a date that was arbitrarily decided to be the last date available. The only alternative remedy for Plaintiffs is the Court swinging the pendulum back to Defendant and striking of Defendant's expert witness for lack of cooperation (or obstinance).

However, that is not a true remedy to the situation because it would be manifestly unjust to the Defendant to deprive them of their expert simply because Defendant's expert witness was unable/unwilling to provide Plaintiffs additional dates to conduct his deposition. That is antithetical to the foundation of the justice system.

### 3.6 *No Other Course of Action*

Due to the above describe circumstances, Plaintiffs regretfully had no other course of action available to them other than respectfully requesting that this Court extend the discovery deadline for the sole and express purpose of completing the deposition of Defendant's expert witness. Plaintiffs certainly do not want this case extending any longer than the Defendant or this Court wants it to. In fact, the Plaintiffs frankly have one of the highest incentives to efficiently finish this matter as quickly as possible.

The Plaintiffs have shown this Court that since the undersigned has entered into this case, they have been nothing other than diligently pursuing the Plaintiffs' claims and attempting to meet this Court's deadlines. However, due to the 50-day window time constraint between receiving Defendant's expert witness report and this Court's discovery deadline, Plaintiffs hands were tied in having to request that this Court grant them one last extension for the express purpose of a single deposition.

**WHEREFORE**, the Plaintiffs respectfully request that this Court exercise its revisory power and reverse its December 27, 2023, decision and Denying the Plaintiffs' *Uncontested* Motion to Extend the Scheduling Order Deadline, and grant such other and further relief as justice requires.

Respectfully Submitted,

By: */s/ David C.M. Ledyard*
    David C.M. Ledyard
    Federal Bar No.: 29198
    36 South Charles Street, Suite 901
    Baltimore, Maryland 21201
    Phone:  (410) 807-8077
    Fax:     (410) 807-8076
    david@ledyardlaw.com
    *Counsel for Plaintiffs*

## REQUEST FOR A HEARING

The Parties requests a hearing on this and all motions in this case.

*/s/ David C.M. Ledyard*
David C.M. Ledyard

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, this 28th Day of December 2023, I filed with the Court and mailed a copy of the Parties Motion for Reconsideration and Proposed Order *via* electronic service (through the MDEC System), on:

> Justin M. Cuniff, Esquire
> Carlos A. Uria, Esquire
> KIERNAN TREBACH LLP
> One Park Place, Suite 425
> Annapolis, Maryland 21401
> jcuniff@kiernantrebach.com
> auria@kiernantrebach.com
> *Counsel for Defendant*

*/s/ David C.M. Ledyard*
David C.M. Ledyard
